UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFERY MILLER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:12CV2192 CDP |
| JAMES HURLEY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Petitioner, Jeffery Miller, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction for kidnapping, first-degree robbery, and attempted forcible rape in the Circuit Court for the City of St. Louis, Missouri. Miller presents seven grounds for relief under the United States Constitution and the constitution of Missouri. Miller's primary arguments are that he was denied due process and effective assistance of counsel because his attorney did not allow him to testify at trial and did not produce an alibi witness. Because the relief Miller seeks is barred by the statute of limitations, his motions will be denied.

## Background[1]

Between 2:00 and 3:00 a.m., after driving home from an errand, Victim opened her driver's side car door and saw Miller pointing a gun at her head. Miller told Victim he was going to rob her and ordered her to give him money. He instructed her to move to the passenger's seat and then climbed into the driver's seat. Miller told a man later identified as his brother, Jovan Miller (Jovan), to get into the back seat. Miller drove Victim's car to an alley, where he again told Victim to give him money and that he was going to rape her. Jovan told Miller not to hurt Victim. Victim found five dollars and gave it to Jovan, who left the car despite Victim's pleas for him to stay.

Miller told Victim to perform oral sex on him, and when she refused, he climbed on top of her and pulled her underwear to the side. Victim testified that she felt Miller's penis pressing against her leg and that he tried for a few minutes to achieve an erection but was unsuccessful. Miller wiped down the car with a towel and then forced Victim into the car's trunk. After riding in the trunk for about five minutes, Victim heard the car stop and the trunk unlock. She waited two to three minutes, opened the trunk, and drove home, where she called the police.

---

[1] These facts are taken from the unpublished memorandum supplementing the order of the Missouri Court of Appeals affirming the denial of post-conviction relief. *Miller v. Missouri*, No. ED95578 (Mo. Ct. App. E.D. Nov. 8, 2011).

Victim identified Miller and Joven in photographic and physical lineups and Miller's fingerprint was taken from Victim's car.

## Procedural History

A jury convicted Miller in 2005 of first-degree robbery, kidnapping and attempted forcible rape.  The Missouri Court of Appeals issued its direct appeal order affirming the conviction on May 30, 2006.  Miller did not file a motion for rehearing or for transfer to the Supreme Court of Missouri.

Miller timely filed a post-conviction relief motion in state court on September 11, 2006.  On December 1, 2011, the Court of Appeals for the Eastern District of Missouri issued its mandate rejecting Miller's post-conviction-relief claims.  On November 20, 2012, Miller filed his petition for a writ of habeas corpus with this court.

## Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies a one-year statute of limitations to a state prisoner's petition for federal habeas corpus relief.  28 U.S.C. § 2244(d)(1).  The statute of limitations is tolled while state post-conviction or other collateral review is pending.  § 2244(d)(2).

AEDPA's statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).  Where a petitioner does not seek review in the United States Supreme Court, "the judgment becomes final at the

'expiration of the time for seeking such review' – that is, 'when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.'" *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (alteration in original) (quoting *Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012)).

As the state appellate court affirmed Miller's conviction on May 30, 2006, the deadline for direct review by filing a motion for rehearing or transfer to the Supreme Court of Missouri expired on June 14, 2006. *See* Mo. Sup. Ct. Rules 83.02, 84.17(b) (setting 15-day deadline from appellate court's order); *see also King*, 666 F.3d at 1135 (noting that the state supreme court is Missouri's state court of last resort) (quotation marks and citations omitted). AEDPA's statute of limitations thus began running on June 15, 2006. *See* Fed. R. Civ. P. 6(a)(1)(A). The time period ran for 87 days and was then tolled during the pendency of Miller's state post-conviction-relief motion. *See* § 2244(d)(1)(A); *see also Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) ("[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period."). On December 2, 2011, the statute of limitations resumed running. *See* Fed. R. Civ. P. 6(a)(1)(A). Accordingly, when Miller filed his federal habeas petition on November 20, 2012, more than one year had passed, and the statute of limitations had run.

## Certificate of Appealability

Under 28 U.S.C. § 2253, a petitioner may not appeal to the court of appeals from the final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). To grant a certificate of appealability, the court must find a substantial showing of the denial of a federal constitutional right. *Id.* at § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Miller has not made such a showing as to any of the grounds raised in his petition. I will therefore not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Miller's petition for a writ of habeas corpus relief under 28 U.S.C. § 2254 [#1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability.

A separate judgment in accordance with this memorandum and order is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of October, 2013.